<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| D.G. AND J.G., INDIVIDUALLY and O/B/O MINOR, V.G., <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, <br><br> Defendants. | No. 26cv6557 (EP) <br><br> **MEMORANDUM ORDER** |

**PADIN, District Judge.**

On June 4, 2026, *pro se* Plaintiffs D.G. and J.G. filed a complaint individually and on behalf of their sixteen-year-old son, V.G., against seven Defendants[1] (collectively referred to as the "District"), alleging that the District's actions have deprived V.G. of his federal statutory and constitutional rights.  D.E. 1 ("Complaint").

The Complaint stems from the District's investigation of an incident between V.G. and another student at school.  *Id*. at 8-9.  Plaintiffs have filed this action to appeal the result of the investigation, the April 30, 2026, Final Decision of Administrative Law Judge Advia Knight Foster ("ALJ Final Decision"), which ordered V.G. placed in an out-of-district "Emotional Regulation Impairment Program" and mandated home instruction pending that placement.  *Id.* at 9.  In the Complaint, Plaintiffs allege violations of various provisions of the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, including the right to free appropriate public education

---

[1] Morris School District Board of Education; Matthew Fabricant, Assistant Principal; Sasha Hicks, Anti-Bullying Specialist; Michael Lockman, Assistant Principal; Antonietta Alberto, Anti-Bullying Coordinator; Anne Mucci, Superintendent of Schools; and David B. Rubin, Attorney of Record for the District.

("FAPE"), and other federal laws including 42 U.S.C. § 1983, the Fourteenth Amendment, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. *See generally id.*

Along with the Complaint, Plaintiffs simultaneously filed an *ex parte* motion for a temporary restraining order ("TRO"). D.E. 2 ("TRO Motion").[2] In their TRO Motion, Plaintiffs assert that because of the ALJ Final Decision, "V.G. has been excluded from in-school instruction since March 12, 2026." TRO Motion at 4. Plaintiffs seek a TRO because "[e]very additional school day that passes without action compounds an irreversible educational loss." *Id.*

Specifically, Plaintiffs seek a TRO to mandate that the District adhere to the IDEA's "stay-put" provision, which requires that the District allow V.G. to remain in the conditions of his previously agreed upon April 22, 2025, Individualized Education Plan ("IEP") pending the resolution of this IDEA appeal. TRO Motion at 9. The April 22, 2025 IEP placed V.G. in-district at Morristown High School with supplementary support. *Id.* Plaintiffs assert that they rejected three of the District's proposed IEPs—respectively dated March 13, 2026, April 7, 2026, and April 8, 2026—resulting in the April 22, 2025, IEP as the "stay-put baseline." *Id.* at 9-10. Plaintiffs ask the Court to, at a minimum:

1. Order the District to show cause why a preliminary injunction should not issue reinstating V.G.'s stay-put placement under the previously agreed upon IEP;

2. Order the District to reinstate V.G. to in-district placement; and

3. Enjoin the District from placing V.G. in out-of-district or home instruction pending final resolution of Plaintiffs' appeal.

*Id.* at 20.

---

[2] The Court refers to Plaintiffs' memorandum in support of their TRO Motion as their Motion. No Notice of Motion was filed.

The Court has reviewed the TRO Motion, as well as all other filings on the docket, and decides the TRO Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons explained below, the Court will **DENY** the TRO Motion and provide Plaintiffs leave to re-file the TRO Motion as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants.

## I.    ANALYSIS

Federal Rule of Civil Procedure 65(b)(1) "limits the Court's ability to issue a TRO to instances when (i) the 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the' party seeking the TRO *and* (ii) the party seeking the TRO 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Kenny v. Toms River Twp. Bd. of Adjustment*, No. 18-11461, 2018 WL 4442231, at *1 (D.N.J. Sept. 17, 2018) (quoting Fed. R. Civ. P. 65(b)(1)) (emphasis added).

Plaintiffs have failed to comply with the notice requirement of Rule 65(b)(1).  Plaintiffs have not certified in writing any effort made to give notice of their filings or the reasons why notice should not be required.   "Failure to comply with the requirements of Federal Rule of Civil Procedure 65 is grounds alone to deny" Plaintiffs' TRO Motion. *Scott v. Fam. Dollar Stores*, No. 20-773, 2020 WL 7296780, at *4 (W.D. Pa. Dec. 11, 2020); *see Noorhasan v. De Jongh*, No. 11-21, 2011 WL 1033704, at *3 (D.V.I. Mar. 21, 2011) (same).

The Court's denial of the TRO Motion on these grounds is non-technical.  Indeed, "the Supreme Court has indicated that this notice requirement is more than a mere procedural formality; instead, rule 65(b)'s stringent restrictions 'on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a

dispute.'" *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)).

While "[t]he Court has a 'duty to be mindful of a litigant's *pro se* status when examining pleadings filed by a *pro se* litigant[,]' . . . a plaintiff's *pro se* status does not permit him to evade Rule 65's requirements." *Khalfani v. Way*, No. 24-7749, 2024 WL 4366916, at *3 (D.N.J. Oct. 1, 2024) (quoting *Levine v. Fin. Freedom*, No. 18-4127, 2018 WL 4688338, at *2 (D.N.J. Sept. 28, 2018)), *reconsideration denied*, 2024 WL 4501813 (D.N.J. Oct. 16, 2024).

In sum, Plaintiffs' TRO Motion lacks certification of any efforts made to give notice to Defendants of the TRO Motion or any explanation as to why notice should not be required. *See* TRO Motion. For that reason, the Court will **DENY** Plaintiffs' TRO Motion and provide Plaintiffs leave to re-file it as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants. Additionally, the Court notes that Plaintiffs' filings have failed to comply with this District's Local Civil Rule 5.1(h), which require PDF submission to be filed at a minimum of 400 dpi and to be text searchable. Plaintiffs' future filings must fully comply with these requirements.

## II.    CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this **5th** day of June 2026,

**ORDERED** that Plaintiffs' TRO Motion, D.E. 2, is **DENIED**; it is further

**ORDERED** that Plaintiffs may re-file the TRO Motion as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants; and it is further

**ORDERED** that Plaintiffs' future filings must comply with Local Civil Rule 5.1(h) or they may be rejected; and it is finally

**ORDERED** that the Clerk of Court shall send Plaintiffs a copy of this Order by regular

U.S. mail.

_Evelyn Padin_
Evelyn Padin, U.S.D.J.

5